PS 42
(Rev 07/93)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 0 8 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

# United States District Court

## Eastern District of Washington

| | |
|---|---|
| **United States of America** ) | |
| ) | |
| **vs** ) | |
| ) | |
| **Elpidia Vargas** ) | Case No. 2:10CR02038-FVS-2 |

## CONSENT TO MODIFY CONDITIONS OF RELEASE

I, Elpidia Vargas, have discussed with James A. Moon, U.S. Probation Officer, modification of my release as follows:

Modification of Condition 23: The defendant no longer needs to be on electronic monitoring but she will be restricted to her residence on a curfew status from 9:30 p.m. to 8 a.m. unless directed otherwise by the Pretrial Services Office.

The modification is recommended based upon:

The defendant has been on a home confinement electronic monitoring program since her release from confinement on May 14, 2010. She has complied with that portion of her release conditions, and other than what is reported below, she has complied with the other requirements. At her change of plea hearing on September 24, 2010, before The Honorable Fred Van Sickle, at Yakima, the defendant asked to be removed from electronic monitoring. The government recommended she remain on that status because she had telephone contact with the codefendant while on pretrial release according to information received from the jail authorities. The Court ordered the defendant remain on electronic monitoring believing it was not creating a hardship for her. This officer was not present for that hearing, but I would have concurred with the government's request at that time. However, the defendant has since advised that the electronic monitoring will create a problem for her at her place of employment, Lets Party, a business that sells items for celebrations. The defendant said that employees will be required to wear some of the business' costumes in October to advertise them for Halloween. She said the electronic monitoring device will be exposed to the public as a result, and it could affect her employment status. The employer is not aware of her being on electronic monitoring, and there is no third party risk issue to the employer in this officer's opinion. Although the defendant may have to leave that job if sentenced to prison, the employment is important financially to her in the meantime. This officer also believes that based upon the defendant's history since her release that the electronic monitoring is not necessary to address her risk of flight/nonappearance or dangerousness to the community, and I recommend the modification be made.

Elpidia Vargas
Docket 2:10CR02038-FVS-2
Consent to Modify Conditions of Release
Page 2

I consent to this modification of my release conditions and agree to abide by this modification.

_____  9/27/10    _James A. Allmon_____  9/27/10
Signature of Defendant      Date      Pretrial Services/Probation Officer    Date

I have reviewed the conditions with my client and concur that this modification is appropriate.

_____  9/27/10
Signature of Defense Counsel    Date

I have reviewed the request and do not object to the modification.

_____  10/7/10
Signature of Assistant U.S. Attorney    Date

[X]    The above modification of conditions of release is ordered, to be effective on 10/8/2010

[ ]    The above modification of conditions of release is <u>not</u> ordered.

_James P. Hutton_____    10/8/2010
Signature of Judicial Officer    Date